UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **HELEN W. ROCKEFELLER,** )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>**EXPERIAN INFORMATION SOLUTIONS, INC.,** )<br>**SERVE:** David N. Anthony, Registered Agent )<br>         TROUTMAN SANDERS, LLP )<br>         1001 Haxall Point )<br>         Richmond, VA 23219 )<br>)<br>      **Defendant.** )<br>) | Civil Action No. **3:20-cv-636** |

## COMPLAINT

COMES NOW the Plaintiff, HELEN W. ROCKEFELLER, by counsel, and for her complaint against the Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., alleges as follows:

**I.**

**PRELIMINARY STATEMENT**

1. Defendant has reported and continues to report inaccurate and derogatory information on Plaintiff's credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–1681x ("FCRA").

2. Despite Plaintiff's dispute, Defendant continues to inaccurately report personal identifiers that do not belong to Plaintiff on Plaintiff's credit file.

3. Despite Plaintiff's dispute, Defendant continues to improperly report inaccurate and derogatory information on Plaintiff's credit regarding multiple credit accounts and public records that do not belong to Plaintiff.

4. Defendant's failures include: failing to properly investigate and reinvestigate Plaintiff's dispute, and failing to maintain reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit file. Through these failures, and by improperly reporting derogatory information on Plaintiff's credit, Defendant has violated, and is continuing to violate, Plaintiff's rights under the FCRA. Accordingly, Plaintiff seeks actual damages, attorney's fees and costs, and punitive damages for Defendant's willful violations of the FCRA.

## II.

### JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and E.D. Va. Loc. Civ. R. 3(C).

## III.

### PARTIES

7. Plaintiff HELEN W. ROCKEFELLER ("Plaintiff" or "Mrs. Rockefeller") is a natural person and "consumer" as defined by § 1681a(c) of the FCRA. Mrs. Rockefeller resides within the Eastern District of Virginia.

8. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation formed in Ohio and authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing to third

parties information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d).

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined in 15 U.S.C. § 1681a(p). Experian is regularly engaged in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide: (1) public record information, and (2) credit account information from persons who furnish that information regularly and in the ordinary course of business.

11. Experian disburses consumer reports to third parties, under contract, for monetary compensation.

## IV.

### FACTS

12. On or about February 27, 2020, Mrs. Rockefeller applied for credit, in the form of a QVC account, with Synchrony Bank. Synchrony Bank denied Mrs. Rockefeller's credit application.

13. In connection with the February 27, 2020 credit denial, Mrs. Rockefeller received a notice of adverse action from Synchrony Bank, dated March 2, 2020, which stated that Synchrony Bank relied on information provided by Experian in making its decision to deny the extension of credit.

14. Notably, Synchrony Bank's notice of adverse action specified that the most significant reason(s) Mrs. Rockefeller did not score well in the credit scoring system used to

evaluate her application was the existence of a "bankruptcy proceeding, credit counseling or creditor settlement" on the consumer report published by Experian.

15. Mrs. Rockefeller has never filed a petition for bankruptcy relief or been a party to a bankruptcy proceeding, nor has Mrs. Rockefeller ever engaged in any credit counseling or creditor settlement programs.

16. In March 2020, after Synchrony Bank denied Mrs. Rockefeller the extension of credit, Mrs. Rockefeller obtained a copy of her credit disclosure from Experian. Experian generated the credit disclosure on March 25, 2020 (the "Credit Disclosure").

17. The Credit Disclosure revealed that Experian was reporting inaccurate personal information for Mrs. Rockefeller as well as inaccurate and derogatory information regarding several credit accounts and public records that did not belong to Mrs. Rockefeller.

18. Specifically, the Credit Disclosure revealed Experian was reporting the following inaccurate personal information about Plaintiff:

   a. four (4) "variations" of Plaintiff's name: "Helen McIntosh", Helen B. McIntosh", Helen MacIntosh", and "Helen Mc Intoch", none of which are names actually associated with Plaintiff;

   b. three (3) "variations" of Plaintiff's social security number: "XXX-XX-5124", "XXX-XX-2124", and "XXX-XX-1492", none of which are social security numbers actually associated with Plaintiff;

   c. four (4) "prior addresses" for Plaintiff: 1519 Rosehill Dr., Chesapeake, VA 23320-3089, 1519 Rosehill Dr. #40, Chesapeake, VA 23320-3089, 5560 Brookville Rd., Norfolk, VA 23502-3635, and 16 Perth Pl., Hampton, VA 23669-5502, none of which are actually former residences of Plaintiff;

        d.     a phone number associated with Plaintiff that Plaintiff does not recognize; and

        e.     a former or current employer for whom Plaintiff has never worked.

19.    The Credit Disclosure revealed Experian was reporting the following inaccurate and derogatory public records and credit accounts as belonging to Plaintiff:

        a.     a chapter 13 bankruptcy petition filed in July 2018 in the Eastern District of Virginia, Norfolk Division (case no. 18-72541);

        b.     a credit account with American Express, opened in August 2014, reporting a status of "Debt included in Bankruptcy";

        c.     two (2) credit accounts with BB&T, one opened in December 2012, reporting a status of "Paid, Closed/Never late", and the other opened in February 2006, reporting a status of "Petition for Chapter 13 Bankruptcy";

        d.     two (2) credit accounts with Sears/CBNA, one opened in June 2002, reporting a status of "Petition for Chapter 13 Bankruptcy", and the other opened in February 1985, reporting a status of "Account charged off. $5,835 written off. $5,835 past due as of Mar 2020";

        e.     two (2) credit accounts with Syncb/JCPenney, one opened in May 2012, reporting a status of "Paid, Closed/Never late", and the other opened in September 1985, reporting a status of "Petition for Chapter 13 Bankruptcy";

        f.     a credit account with Syncb/Lowes, opened in August 2014, reporting a status of "Petition for Chapter 13 Bankruptcy";

        g.     a credit account with WF Crd Svc, opened in August 2015, reporting a status of "Petition for Chapter 13 bankruptcy";

    h. a credit account with Chase Card, opened in September 2011, reporting a status of "Closed/Never late"; and

    i. a credit account with Comenity Bank/Chadwicks, opened in January 2000, reporting a status of "Open/Never late".

 20. None of the personal information, public records, or credit account information set forth in paragraphs 18 or 19 of this Complaint are properly attributable to Plaintiff.

 21. Prior to receiving the notice of adverse action from Synchrony Bank and obtaining copies of the Credit Disclosure, Mrs. Rockefeller was not aware that any of the personal information, credit accounts or public records set forth in paragraphs 18 and 19 of this Complaint were being reported on her credit.

 22. Upon information and belief, all of the inaccurately-reported personal information, credit accounts and public records on Plaintiff's credit belong to someone other than Plaintiff.

 23. On May 26, 2020, Plaintiff mailed a letter via certified mail to Experian to dispute the reporting of the inaccurate personal information, public records, and credit accounts appearing on her credit. In her dispute letter, Plaintiff informed Experian that the inaccurate personal information being reported did not belong to her, that she did not open any of the disputed credit accounts being reported, and that she had not previously filed or been a debtor in bankruptcy. Plaintiff also enclosed with her dispute letter a copy of her driver's license and social security card to prove her identity, social security number, address, and date of birth. Plaintiff requested in her letter that all of the disputed information be deleted from her credit file.

 24. On June 1, 2020, Experian received Plaintiff's dispute letter.

25. In response to the dispute letter, Experian mailed to Plaintiff its reinvestigation results, dated June 25, 2020. Experian's reinvestigation results revealed that Experian deleted some of the inaccurate personal information, and that Experian either updated or deleted several of the disputed credit accounts. However, Experian failed to delete or otherwise correct the reporting of many of the disputed items on Plaintiff's credit.

26. Experian's reinvestigation results confirm that, despite Plaintiff's dispute, Experian continues to report inaccurate personal information on Plaintiff's credit, including three inaccurate (3) addresses, an inaccurate telephone number, and a "former employer" not properly attributable to Plaintiff.

27. Experian's reinvestigation results confirm that, despite Plaintiff's dispute, Experian continues to inaccurately report a bankruptcy filing not associated with Plaintiff on Plaintiff's credit.

28. Experian's reinvestigation results confirm that, despite Plaintiff's dispute, Experian continues to inaccurately report several credit accounts on Plaintiff's credit, including a credit account with BB&T, two (2) credit accounts with Sears/CBNA, a credit account with Syncb/JCPenney, a credit account with Syncb/Lowes, a credit account with WF Crd Svc, and a credit account with Chase Card, none of which belong to Plaintiff.

29. Upon information and belief, after June 2020, Experian prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained both inaccurate personal information regarding Plaintiff and inaccurate and derogatory information about the accounts and public records disputed by Plaintiff.

30. Experian had knowledge that it was reporting inaccurate personal information, inaccurate and derogatory public records, and inaccurate and derogatory accounts on Plaintiff's

credit, but Experian deliberately chose to ignore this knowledge and, instead, chose to permit the inaccurate and derogatory reporting.

31. Experian received Plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigations required by law.

32. Through its violations of Plaintiff's rights under the FCRA, Experian has damaged Plaintiff, and Experian continues to damage Plaintiff.

## V.

### CLAIMS FOR RELIEF

#### COUNT ONE:
#### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### 15 U.S.C. § 1681e(b)

33. Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

34. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished and maintained concerning Plaintiff.

35. As a result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including, but not limited to loss of credit, postage costs, travel costs, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

36. The violations by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

37.     Plaintiff is entitled to recover actual damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO:
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)

38.     Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

39.     After Plaintiff disputed the inaccurate information on her credit report, Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the items from Plaintiff's credit file.

40.     After Plaintiff disputed the inaccurate information on her credit report, Experian violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide the furnishers used by Experian with all of the relevant information regarding Plaintiff's disputes.

41.     After Plaintiff disputed the inaccurate information on her credit report, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

42.     After Plaintiff disputed the inaccurate information on her credit report, Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

43. As a result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including, but not limited to loss of credit, postage costs, travel costs, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

44. The violations by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover actual damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI.

### DEMAND FOR RELIEF

Plaintiff therefore respectfully requests that this Court:

(1) Award Plaintiff actual and punitive damages for violations of the FCRA by Experian;

(2) Award Plaintiff attorney's fees and costs under the FCRA;

(3) Award Plaintiff pre-judgment and post-judgment interest at the legal rate; and

(4) Award other relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED**.

**HELEN W. ROCKEFELLER**

By:

/s/ Emily Connor Kennedy
Emily Connor Kennedy, VSB# 83889
Mark C. Leffler, VSB# 40712
Stephen F. Relyea, VSB# 77236
Boleman Law Firm, P.C.
2104 W. Laburnum Ave, Suite 201
Richmond, VA 23227
(804) 358-9900 – Telephone
(804) 358-8704 – Facsimile
Email: eckennedy@bolemanlaw.com
Email: mcleffler@bolemanlaw.com
Email: sfrelyea@bolemanlaw.com

*Counsel for Plaintiff*